UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SHAQUITA SHEPARD,

                              Plaintiff,

               -against-

Police Officer DEVON HUDSON, Shield No. 27620; Police Officer GEORGE KURIAN, Shield No. 10678; Sergeant KEVIN O'CONNOR, Shield No. 30055; Lieutenant BARBARA FISCHER; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                             Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

15 CV 3295 (MKB)(RLM)

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Shaquita Shepard ("plaintiff" or "Ms. Shepard") is a resident of the State of New York.

7. Defendant Police Officer Devon Hudson, Shield No. 27620 ("Hudson"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hudson is sued in his individual and official capacities.

8. Defendant Police Officer George Kurian, Shield No. 10678 ("Kurian"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kurian is sued in his individual and official capacities.

9. Defendant Sergeant Kevin O'Connor, Shield No. 30055 ("O'Connor"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant O'Connor is sued in his individual and official capacities.

10. Defendant Lieutenant Barbara Fischer ("Fischer"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Fischer is sued in her individual and official capacities.

11.

12.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

13.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

14.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

15.     At approximately 8:30 p.m. on April 11, 2015, Ms. Shepard was lawfully walking with friends in the Bushwick neighborhood of Brooklyn, New York.

16.     Defendants approached Ms. Shepard and demanded to know if she possessed marijuana.

17.     Ms. Shepard denied possessing any marijuana and offered to have her purse searched by the officers.

18.     Without probable cause or reasonable suspicion to believe she had committed any crime or offense, defendants handcuffed plaintiff and placed her in a police vehicle.

19. When plaintiff asked why she was being arrested, defendants refused to answer.

20. Ms. Shepard was taken to the 81st Precinct where she was searched.

21. No contraband was ever recovered from Ms. Shepard.

22. At the precinct defendants falsely informed employees of the Kings County District Attorney's Office that they had observed Ms. Shepard in criminal possession of marijuana.

23. At no point did the officers observe Ms. Shepard in possession of marijuana.

24. After approximately ten hours in custody, Ms. Shepard was issued a desk appearance ticket requiring her to return to criminal court.

25. Before returning to court, Ms. Shepard learned that the criminal charges levied against her had been dismissed in their entirety.

26. Ms. Shepard suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
**Unlawful Stop and Search**

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The individual defendants created false evidence against plaintiff.

35. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

36. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

37. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure To Intervene

38. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

40. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: November 20, 2015
New York, New York

HARVIS & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiff*